UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TIMOTHY G. LANG,

    Plaintiff,

    v.

CITY OF SPOKANE VALLEY,
LYLE JOHNSTON, LYDIG
CONSTRUCTION, INC. and
HUGH V. MULLANE,

    Defendants.

NO.  CV-08-383-RHW

**ORDER DENYING
DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT**

    Before the Court are the Lydig Construction Defendants' Motion for
Summary Judgment (Ct. Rec. 29) and the City of Spokane Valley and Lyle
Johnston's Motion for Summary Judgment (Ct. Rec. 31).  A telephonic hearing
was held on Lydig Construction Defendants' Motion for Summary Judgment on
September 7, 2010.  Plaintiff was represented by Richard Wall.  Lydig
Construction Defendants were represented by Thomas Merrick.  Daniel Catt,
counsel for Spokane Valley and Johnston attended the hearing but did not
participate.  Spokane Valley's and Johnston's Motion for Summary Judgment was
heard without oral argument.

### STANDARD OF REVIEW

    Summary judgment is appropriate if the "pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that the moving party is

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT ~ 1**

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### ANALYSIS

At the heart of this case is whether Plaintiff committed a crime when he made misrepresentations on a time log sheet that was submitted to the Union. Plaintiff maintains that he did so under the direction of Defendant Mullane, who also signed the time log sheets. Defendant Mullane insists that he did not so instruct Plaintiff and that he did not sign the time sheets. Consequently, it is undisputed that there are genuine issues of material fact regarding whether Mullane signed the time log sheets or whether he instructed Plaintiff to make the

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 2**

misrepresentations.  As such, to the extent that resolution of the claim depends on the jury's determination as to whether to believe Plaintiff or Mullane, summary judgment is not appropriate.

It is the Defendant's position that the jury does not have to make this determination because Plaintiff admitted to making the representations on the time logs.  The Court disagrees.  Rather, when viewing the facts from the light most favorable to Plaintiff, there are genuine issues of material fact concerning the claims and defenses.

As a matter of law, the Court finds that the statute of limitations began to accrue when Plaintiff learned of the statements made to the police officers.  *See Blackledge v. City of Tacoma*, 2003 WL 22391016 (Wash. App. 2003) (applying the discovery rule in determining whether a defamation claim accrued).

## QUALIFIED IMMUNITY

Defendant Johnston argues that he is entitled to qualified immunity.  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808, 815 (2009).  Put another way, a police officer is not entitled to qualified immunity if: (1) the facts show that the officer's conduct violated a plaintiff's constitutional rights; and (2) those rights were clearly established at the time of the alleged violation.  *Id.* at 816.

As set forth above, there are genuine issue of material fact regarding whether Defendant Johnston violated Plaintiff's constitutional rights.  Summary judgment would be appropriate if "under the plaintiff's version of the facts, and in light of the clearly established law, a reasonable officer could not have believed his conduct was lawful,."  *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000).  Here, it was clearly established that there must be probable cause to charge a person with a crime.  The Court does not find that it was reasonable to rely on

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 3**

1   Mullane's version of the events in question to conclude there was probable cause

2   to charge Plaintiff with theft and forgery, especially in light of the fact that it was

3   inconclusive that the signatures were not genuine.

4   ### DISMISSAL OF CLAIMS

5       In his response, Plaintiff dismissed the following claims: (1) Section 1983

6   claims against the Lydig Construction Defendants; (2) Malicious prosecution claim

7   against the Spokane Valley Defendants; and (3) *Monell* claim against the City of

8   Spokane Valley.

9       Accordingly, **IT IS HEREBY ORDERED:**

10      1.   Defendant Lydig Construction & Hugh Mullane's Motion for Summary

11  Judgment (Ct. Rec. 29) is **DENIED**.

12      2.   Defendant City of Spokane Valley and Lyle Johnston's Motion for

13  Summary Judgment (Ct. Rec. 31) is **DENIED**.

14      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

15  Order and forward copies to counsel.

16      **DATED** this 8th  day of September, 2010.

17

18

19              *s/Robert H. Whaley*
                ROBERT H. WHALEY
20              United States District Judge

21

22  Q:\CIVIL\2008\Lang\sj.wpd

23

24

25

26

27

28

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT ~ 4**